E-FILED
Wednesday, 29 May, 2013  11:40:44 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| JENNIFER R. BROWNING and RONELLA S. LALOG,       Plaintiffs,  v.  GCA SERVICES GROUP,       Defendant. | Case No. 12-2258 |

### REPORT AND RECOMMENDATION

Plaintiffs Jennifer Browning and Ronella Lalog bring claims of national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and intentional infliction of emotional distress under Illinois law, against their former employer Defendant GCA Services Group, alleging that Defendant discriminated against them and caused them emotional distress by prohibiting them from speaking their native language while at work. Jurisdiction is proper under 28 U.S.C. § 1331, as Plaintiffs' Title VII claims raise a federal question. The Court exercises supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. § 1367(a).

In January 2013, Defendant filed a Motion to Dismiss Plaintiffs' Claims of Constructive Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), Or, Alternatively, Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) (#13). Shortly thereafter, Plaintiffs filed a Memorandum in Opposition (#21). In February 2013, Defendant filed a Motion for Leave to File Reply Brief to Plaintiffs' Opposition (#22), to which Plaintiffs filed a surreply (#36). Later in February, Defendant filed a Motion for Leave to File Supplement to Motion to Dismiss or Strike (#25).

After careful consideration of the parties' pleadings and memoranda, including Defendant's reply and Plaintiffs' surreply, the Court recommends that Defendant's Motion to Dismiss Plaintiffs' Claims of Constructive Discharge in Counts I & II and Plaintiffs' Claims of

Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), Or, Alternatively, Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) **(#13)** be **GRANTED IN PART and DENIED IN PART**; Defendant's Motion for Leave to File Reply Brief to Plaintiffs' Opposition **(#22)** be **GRANTED**; and Defendant's Motion for Leave to File Supplement to Motion to Dismiss or Strike **(#25)** be **DENIED**.

## I. Background

The Court takes the following relevant background from Plaintiffs' Complaint (#1), accepting all well-pleaded allegations as true. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Plaintiff Jennifer Browning is of Filipino national origin, and her native language is Visayan/Tagalog. Plaintiff Ronella Lalog is also of Filipino national origin, and her native language is Tagalog. Until their resignations, Plaintiffs worked for Defendant as housekeepers at a factory in Decatur, Illinois.

Defendant hired Lalog in April 2010. On November 28, 2011, Defendant's manager Deborah Pate told Lalog and other housekeeping employees that they must speak only English at work, including during break periods and with other Filipino employees. Lalog "felt like a second-class employee, lived under the fear of disciplinary action, to include discharge, for speaking in her native language, and experienced a hostile work environment due to the prohibition on speaking in her native language and the requirement to speak only in English while at work." (#1, ¶ 18.) On March 2, 2012, Lalog resigned, "due to the increasing pressure from her employer to refrain from speaking in her native language and only speak in English while at work." (#1, ¶ 19.)

Defendant hired Browning in January 2011. On November 28, 2011, Browning's supervisor Tracy Mashburn told Browning to refrain from speaking her native language at all times at work, including on breaks and with other Filipino employees. On December 1, 2011, Pate informed Browning she must refrain from speaking in her native language, and must speak English only at all times. On December 2, 2011, Pate instructed Browning and all other

2

housekeeping workers to speak English at all times. On December 8, 2011, Mashburn warned Browning that she would be fired if she continued to speak her native language at work. Browning "felt like a second-class employee, lived under repeated threats of disciplinary action, to include discharge, for speaking in her native language, and experienced a hostile work environment due to the prohibition on speaking in her native language and the requirement to speak only in English while at work." (#1, ¶ 15.) On March 9, 2012, Browning resigned, "due to the increasing pressure from her employer to refrain from speaking in her native language and only speak in English while at work." (#1, ¶ 16.)

On December 28, 2011, Browning filed a Charge of Discrimination with the EEOC and the Illinois Department of Human Rights (IDHR). The Charge of Discrimination included the following narrative statement:

> I was hired by Respondent on or about January 11, 2011. My most recent position is Housekeeper. During my employment I have been subjected to different terms and conditions of employment, including, but not limited to, being told to speak English only and threatened with discipline, where as similarly situated non-Filipinos have not.
> I believe I have been discriminated against because of my national origin, Filipino, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(#13-1). The Charge listed the latest date of discrimination as December 8, 2011, and the box for "continuing action" was not checked. On September 21, 2012, the EEOC issued Browning a Notice of Right to Sue.

On January 9, 2012, Lalog filed a Charge of Discrimination with the EEOC and the IDHR. The Charge of Discrimination included the following narrative statement:

> I began my employment with Respondent on or around April 14, 2010. I am employed as a Housekeeper. During my employment, I was informed by Respondent that I could not speak my native language.
> I believe I have been discriminated against because of my national origin, Filipino, in violation of Title VII of the Civil Rights Act of 1964, as amended.

3

(#13-2.)  The Charge listed the latest date of discrimination as November 28, 2011, and the box for "continuing action" was not checked.  On September 21, 2012, the EEOC issued Lalog a Notice of Right to Sue.[1]

In October 2012, Plaintiffs filed a four-count Complaint (#1) against Defendant with this Court.  In Count I, Browning brings Title VII claims of disparate treatment, hostile work environment, and constructive discharge on the basis of national origin; in Count II, Lalog brings Title VII claims of disparate treatment, hostile work environment, and constructive discharge on the basis of national origin; in Counts III and IV, Browning and Lalog, respectively, bring state law claims of intentional infliction of emotional distress (IIED).

In its Motion to Dismiss, Defendant first argues that Plaintiffs' constructive discharge claims must be dismissed or stricken because Plaintiffs failed to include them in their EEOC charges.  Second, Defendant contends that Plaintiffs' IIED claims must be dismissed because they are preempted by the Illinois Human Rights Law, 775 ILCS 5/2-102(A).

## II.  Legal Standard

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), serves to test the sufficiency of the complaint, not to decide the merits of the case.  *See AnchorBank*, 649 F.3d at 614; *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  To survive a motion to dismiss, the complaint need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this

---

[1] As Defendant notes, Lalog filed a second charge of discrimination with the IDHR on June 8, 2012, alleging that, on November 28, 2011, GCA prohibited her from speaking in her native language.  (#13-3.)  She did not mention her March 2012 resignation. The charge listed the date of discrimination as November 2011, and the "continuing action" box was unchecked.  Lalog charged that Defendant violated the Illinois Human Rights Act, 775 ILCS 5/2-201(A), which forbids an employer from prohibiting an employee from speaking her native language in communications unrelated to the employee's duties.  Neither Lalog nor Defendant provides any information to the Court about the status of the IDHR's investigation of the June 2012 charge.
    Although Defendant points to Lalog's failure to mention her March 2012 resignation in her June 2012 charge as a reason why the Court should dismiss Lalog's constructive discharge claim, Defendant fails to explain the relevance to this case of Lalog's June 2012 charge, in which she alleges a violation of the Illinois Human Rights Act, a claim she does not raise before this Court.  Rather, this Court considers Plaintiffs' December 2011 and January 2012 charges to be the operative charges for their Title VII claims.  Therefore, the Court rejects Defendant's argument regarding Lalog's June 2012 charge.

standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, though it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim," *see Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), such as EEOC charges cited in a Title VII complaint, *see Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, at *1 n.4 (N.D. Ill. Aug. 9, 2012) (collecting cases); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (considering EEOC charge and affirming 12(b)(6) dismissal of defendant not named in EEOC charge). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by factual allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

### III. Discussion
#### A. Title VII Constructive Discharge Claims
**1. Arguments of the Parties**

Defendant contends that Plaintiffs' Title VII constructive discharge claims must be dismissed or, in the alternative, stricken, because Plaintiffs' EEOC charges did not mention that Plaintiffs felt forced to resign or otherwise provide notice to GCA that Plaintiffs would allege constructive discharge. Defendant adds that Plaintiffs' demand for lost wages should also be dismissed or stricken.

In response, Plaintiffs contend that that their constructive discharge claims are properly before the Court because they are like or reasonably related to the allegations in their EEOC charges. Plaintiffs maintain that the same allegedly discriminatory conduct, Defendant's

5

prohibition on speaking languages other than English, formed the basis for both their EEOC charges and their constructive discharge claims.

The parties also dispute how liberally the Court should interpret Plaintiffs' EEOC charges. Plaintiffs note that they filed their charges *pro se* and ask the Court to read them broadly to include their constructive discharge claims. Defendant, in contrast, argues in its Motion for Leave to File Supplement to Motion to Dismiss or Strike, that, although Plaintiffs were not represented when they filed their EEOC charges in December 2011 and January 2012, Plaintiffs' current counsel entered an appearance on their behalf before the EEOC in August 2012. Defendant maintains that Plaintiffs' counsel should have amended the EEOC charges to include the constructive discharge allegations or filed new charges alleging constructive discharge. Defendant concludes, "[Plaintiffs'] claim that the court should disregard their failure to exhaust administrative remedies . . . because they were not represented by counsel is without merit for reasons stated in Defendant's Motion and it is factually inaccurate for reasons stated herein." (#25, p. 2.)

**2. EEOC Charge Requirement**

As a rule, a plaintiff may not advance a Title VII claim in court unless the plaintiff included the claim in her EEOC charge. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("[A]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." (internal quotation marks omitted)). The rule that a plaintiff must bring her Title VII claim before the EEOC "serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employer some warning of the conduct about which the employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted).

Nevertheless, a significant exception to this rule exists: a plaintiff may bring claims not included in her EEOC charge if they are "'like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations.'" *Moore*, 641 F.3d at 256 (quoting *Jenkins*

*v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore*, 641 F.3d at 257 (quoting *Cheek*, 31 F.3d at 501). The "like or reasonably related" standard is intended to be "a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985) (citing *Jenkins*, 538 F.2d at 167-68). A plaintiff need not "artfully draft the allegations in her EEOC charge" but "must at least have described, with some degree of specificity, the conduct she considered discriminatory." *See Cheek*, 31 F.3d at 502.

### 3. Analysis

The Court first addresses the parties' dispute as to how broadly the Court should construe Plaintiffs' EEOC charges. As explained above, the central question for the Court is whether Plaintiffs' constructive discharge claims are like or reasonably related to the allegations set forth in their EEOC charges. Plaintiffs filed their charges *pro se*. Therefore, the Court liberally interprets their EEOC charges. *See Ezell v. Potter*, 400 F.3d 1041, 1047 (7th Cir. 2005) ("We recognize that employees often file an EEOC charge without the assistance of a lawyer and we therefore read the charge liberally.").

The Court finds irrelevant Defendant's argument, advanced in its Motion for Leave to File Supplement to Motion to Dismiss or Strike (#25), that Plaintiffs' counsel could, and should, have amended Plaintiffs' EEOC charges once Plaintiffs' counsel entered an appearance later in the administrative proceedings. Although the Seventh Circuit has recognized that the rationale for liberal construction of an EEOC charge is less compelling when a plaintiff files her EEOC charge with the assistance of counsel, *see, e.g., Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), Defendant cites no authority for its suggestion that the Court should interpret Plaintiffs' *pro se* EEOC charges more narrowly because Plaintiffs secured counsel later in the administrative process. Accordingly, the Court recommends that Defendant's Motion for Leave to File Supplement to Motion to Dismiss or Strike (#25) be denied.

Construing Plaintiffs' EEOC charges liberally,[2] the Court determines that Plaintiffs' claims of constructive discharge—that they felt "forced to resign because [their] working conditions, from the standpoint of the reasonable employee, had become unbearable," *see Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010)—are "like or reasonably related to" and "growing out of" the allegations in their EEOC charges. *See Moore*, 641 F.3d at 256. The same allegedly discriminatory conduct—Defendant's prohibition on speaking languages other than English—is the basis for Plaintiffs' EEOC charges and their constructive discharge claims, in which they assert that the stress and pressure associated with complying with Defendant's English-only rule led them to resign. *See id.* (explaining that "the relevant claim and the EEOC charge must, at minimum, describe the same conduct and implicate the same individuals" (internal quotation marks omitted); *see also Howard v. Burlington Air Express Inc.*, No. 93 C 7815, 1994 WL 722061, at *3 (N.D. Ill. Dec. 29, 1994) (finding constructive discharge claim like or reasonably related to allegations in EEOC charge because "the same allegations which support the plaintiff's EEOC charge of retaliation essentially support his Title VII constructive discharge claim."). Plaintiffs did all that was required of them: they "described, with some degree of specificity, the conduct [they] considered discriminatory," *see Cheek*, 31 F.3d at 502, thereby giving Defendant "some warning of the conduct about which [Plaintiffs were] aggrieved," *id.* at 500.

The Court disagrees with Defendant that the Seventh Circuit's decision in *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293 (7th Cir. 2004), compels the Court to dismiss Plaintiffs' constructive discharge claims. In *Herron*, the plaintiff alleged "race discrimination and retaliation against him by DaimlerChrysler. . . . [and] further asserted that DaimlerChrysler's actions constituted a campaign of racial harassment that created a hostile work environment and led to his constructive discharge." *Id.* at 298-99. The Seventh Circuit held that the plaintiff's

---

[2] Although Defendant highlights that Plaintiffs did not check the "continuing violation" box on their charges, the Court's analysis does not focus on this technicality but, rather, on Plaintiffs' narrative descriptions of the alleged discrimination. *See, e.g., Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168-69 (7th Cir. 1976) (en banc) (relying on substance of plaintiff's description of discrimination rather than whether plaintiff checked correct box). Surely, a reader would not understand Plaintiffs' EEOC charges to mean that Defendant told Plaintiffs to speak English for one day only, and then permitted Plaintiffs to speak their native languages again. Rather, it is apparent from the face of the charges that Plaintiffs alleged an ongoing prohibition on speaking their native languages.

constructive discharge claim was not like or reasonably related to the allegations in his EEOC charges:

> Herron's EEOC charges in February and April 2000 described racial discrimination, retaliation, and harassment, not constructive discharge. As the district court found, the four-month delay between his February EEOC complaint and his decision to leave was inconsistent with notice of constructive discharge. Since the charges contained in the EEOC complaint were not "like or reasonably related to" his EEOC allegations, Herron cannot proceed under Title VII on a constructive discharge claim.

*Id.* at 303 n.2. The Seventh Circuit's conclusion that Herron's constructive discharge claim was not like or reasonably related to his EEOC allegations turned on its reasoning that "the four-month delay between [Herron's] February EEOC complaint and his decision to leave was inconsistent with notice of constructive discharge." Here, in contrast, the "delay" is cut in half: Browning resigned slightly over two months after filing her EEOC charge, and Lalog resigned less than two months after filing her charge. Plaintiffs' EEOC charges, in which they alleged that Defendant discriminated against them by prohibiting them from speaking their native languages, coupled with their resignations only two months later, provided sufficient notice to Defendant that Plaintiffs would assert constructive discharge claims.

Accordingly, the Court recommends denying Defendant's Motion to Dismiss or Strike Plaintiffs' constructive discharge claims in Counts I and II.[3]

### B.  IIED Claims

Plaintiffs concede that their IIED claims, which are "tied only to their claim of discrimination based on national origin," (#21, p. 11), should be dismissed as preempted by the Illinois Human Rights Act (IHRA), 775 ILCS 5/2-102(A).  *See Quantock v. Shared Mktg. Servs., Inc.*, 312 F.3d 899, 905 (7th Cir. 2002) (explaining that the IHRA preempts state tort claims "inextricably linked" to allegations of discrimination prohibited by the IHRA). Accordingly, the Court recommends that Counts III and IV be dismissed.

---

[3] The parties have also briefed whether an employer's English-only rule can give rise to a hostile environment. The Court does not reach this issue at this time. Defendant has not asked the Court to evaluate the merits of Plaintiffs' hostile environment and constructive discharge claims but, rather, to decide if Plaintiffs' constructive discharge claims are within the scope of their EEOC charges. The Court may decide whether Plaintiffs' constructive discharge claims are like or reasonably related to the allegations in their EEOC charges without deciding if these claims will ultimately succeed.

### IV.  Conclusion

The Court recommends that Defendant's Motion to Dismiss Plaintiffs' Claims of Constructive Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV Pursuant to Fed. R. Civ. P. 12(b)(6), Or, Alternatively, Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) **(#13)** be **DENIED** as to Counts I and II and **GRANTED** as to Counts III and IV, and that Counts III and IV be **DISMISSED**.  The Court also recommends that Defendant's Motion for Leave to File Reply Brief **(#22)** be **GRANTED**, and that Defendant's Motion for Leave to File Supplement to Motion to Dismiss or Strike **(#25)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 29th day of May, 2013.

                                                s/DAVID G. BERNTHAL
                                            UNITED STATES MAGISTRATE JUDGE