## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| JENNIFER R. BROWNING and | ) | |
| RONELLA S. LALOG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Case No. 12-CV-2258 |
| GCA SERVICE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION

On May 29, 2013, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#43) in the above cause. Judge Bernthal recommended DENYING Defendant's Motion to Dismiss (#13) as to Plaintiffs' Claims of Constructive Discharge in Counts I & II and GRANTING Defendant's Motion to Dismiss (#13) as to Counts III and IV. Judge Bernthal also recommended GRANTING Defendant's Motion for Leave to File Reply Brief (#22) and DENYING Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#25). On June 6, 2013, Defendant filed its Objections to Report and Recommendation (#44). Defendant objected to Judge Bernthal's recommendation that the Motion to Dismiss Plaintiffs' Claims of Constructive Discharge in Counts I & II be denied. Following this court's careful de novo review, this court agrees with Defendant that Plaintiffs did not include their claims of constructive discharge in an EEOC charge so that these claims must be dismissed. There was no objection to any of Judge Bernthal's other recommendations and those recommendations are accepted by this court.

## BACKGROUND

On December 28, 2011, Plaintiff Jennifer R. Browning filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR). The charge of discrimination named Defendant, GCA Service Group, as Respondent and stated:

> I was hired by Respondent on or about January 11, 2011.
>
> My most recent position is Housekeeper. During my employment I have been subjected to different terms and conditions of employment, including, but not limited to, being told to speak English only and threatened with discipline, where as similarly situated non-Filipinos have not.
>
> I believe I have been discriminated against because of my national origin, Filipino, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The charge listed the latest date of discrimination as December 8, 2011, and the box for "continuing action" was not checked.

On January 9, 2012, Plaintiff Ronella S. Lalog filed a charge of discrimination with the EEOC and the IDHR. The charge of discrimination stated:

> I began my employment with Respondent on or around April 14, 2010. I am employed as a Housekeeper. During my employment, I was informed by Respondent that I could not

speak my native language.

I believe I have been discriminated against because of my

national origin, Filipino, in violation of Title VII of the Civil

Rights Act of 1964, as amended.

The charge listed the latest date of discrimination as November 28, 2011, and the box for

"continuing action" was not checked.  On June 8, 2012, Lalog filed a second charge of

discrimination with the IDHR.  Lalog stated that she was discriminated against on the basis

of her national origin and stated that, on November 28, 2011, "Respondent imposed a

restriction on the use of my native language."  Lalog stated that this was a violation of the

Illinois Human Rights Act.  The documentation provided by Plaintiffs shows that Lalog's

June 8, 2012, charge of discrimination was cross-filed with the EEOC.[1]

On September 21, 2012, the EEOC issued a Notice of Right to Sue to both Browning

and Lalog.  The charge referenced in Lalog's Notice of Right to Sue was her initial charge

filed on January 9, 2012.

On October 2, 2012, Plaintiffs filed their Complaint (#1) in this court.  Plaintiffs

alleged that, on November 28, 2011, Browning's supervisor, Tracy Mashburn, instructed

Browning to refrain from speaking her native language at all times while at work, including

break periods and when speaking with other Filipino employees.  Plaintiffs alleged that, on

---

[1] As pointed out by Defendant, this is consistent with case law which has recognized that, due to the work sharing agreement between the EEOC and the IDHR, "a Charge filed with the IDHR is considered filed with the EEOC."  *Crawford v. Bank of Am.*, 986 F. Supp. 506, 508 n. 3 (N.D. Ill. 1997), *citing* 29 C.F.R. § 1601.74(a); *see also Sofferin v. Am. Airlines, Inc.*, 923 F.2d 552, 554 (7th Cir. 1991).

December 1, 2011, Defendant's manager Deborah Pate informed Browning she must refrain from speaking her native language and must speak only English at all times while at work. On December 2, 2011, Pate instructed Browning and all other housekeeping workers to speak English at all times. On December 8, 2011, Mashburn warned Browning that she would be fired if she continued to speak her native language while on the premises at work. Regarding Lalog, Plaintiffs alleged that, on November 28, 2011, Pate informed Lalog and other housekeeping workers that they had to speak only English at all times while at work, including break periods and when speaking to other Filipino employees. Plaintiffs alleged that they felt like second-class employees and lived under fear of disciplinary action, "to include discharge, for speaking in [their] native language, and experienced a hostile work environment due to the prohibition on speaking in [their] native language and the requirement to speak only English while at work."

Plaintiffs alleged that, on March 2, 2012, Lalog "suffered a constructive discharge" and, on March 9, 2012, Browning "suffered a constructive discharge." Each Plaintiff alleged that she resigned from her employment with Defendant "due to the increasing pressure from her employer to refrain from speaking in her native language and only speak in English while at work."

In Count I of the Complaint, Browning brought Title VII claims of disparate treatment, hostile work environment and constructive discharge on the basis of national origin. In Count II, Lalog brought Title VII claims of disparate treatment, hostile work environment and constructive discharge on the basis of national origin. Plaintiffs sought

injunctive relief, compensatory relief, including lost earnings, and punitive damages.   In
Counts III and IV, Plaintiffs brought state law claims of intentional infliction of emotional
distress (IIED).

On January 22, 2013, Defendant filed a Motion to Dismiss (#13) and Brief in Support
(#14).   Defendant argued that Plaintiffs' constructive discharge claims must be dismissed or
stricken because Plaintiffs failed to include them in their EEOC charges.   Defendant also
argued that Plaintiffs' demand for lost wages should also be dismissed or stricken.   On
February 8, 2013, Plaintiffs filed their Response to Motion to Dismiss (#21), with attached
exhibits.   Plaintiffs conceded that their IIED claims must be dismissed.   Plaintiffs argued,
however, that their constructive discharge claims should not be dismissed because the
information they provided to the EEOC and the IDHR was "reasonably related" to their
claims of constructive discharge.   Plaintiff argued that the allegations of constructive
discharge were sufficiently related to the charges listed in the EEOC charges "and grew out
of the discriminatory English-only rule."   Plaintiffs also argued that the fact that they did not
check "continuing action" on the charge forms should not be held against them because they
are laypersons and no explanation of the meaning of "continuing action" was provided to
them.

On February 11, 2013, Defendant filed a Motion for Leave to File Brief Reply (#22).
In its attached proposed Reply Brief, Defendant argued that Plaintiffs' argument that their
constructive discharge claims were related to their charge alleging disparate treatment was
"flawed and ignores the controlling law and circumstances in this case."   On February 28,

2013, Plaintiffs filed a Response to Defendant's Motion for Leave to File Brief Reply (#26) and included a Sur-Reply Memorandum. Plaintiffs argued that the crux of the issue is "whether the claim of constructive discharge is reasonably related to and growing out of [their] claim of discrimination based on National Origin due to the English-only rule." Plaintiffs argued that "the English-only rule is conduct which caused the discrimination, the hostile work environment, and the eventual resignation of [Plaintiffs]; and Pate and Mashburn are the same individuals stating the policy, causing the discrimination, causing the hostile work environment, and thus, causing [Plaintiffs] to resign."[2]

## ANALYSIS

On May 29, 2013, Judge Bernthal entered his Report and Recommendation (#43). Judge Bernthal recommended denying Defendant's Motion to Dismiss as to Plaintiffs' claims of constructive discharge. Judge Bernthal concluded that "[t]he same allegedly discriminatory conduct—Defendant's prohibition on speaking languages other than English—is the basis for Plaintiffs' EEOC charges and their constructive discharge claims, in which they assert that the stress and pressure associated with complying with Defendant's English-only rule led them to resign." Judge Bernthal also concluded that Lalog's June 2012 discrimination charge, filed after she resigned from her employment with Defendant, was not relevant to the inquiry because, in the charge, Lalog alleged a violation of the Illinois Human

---

[2] Judge Bernthal recommended granting Defendant's Motion for Leave to File Brief Reply (#22) and considered Defendant's Reply and Plaintiffs' Sur-Reply. No one has objected to this recommendation, and this court has also considered the Reply and Sur-Reply. Judge Bernthal also recommended denying Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#25). No one has objected to this recommendation, and this court has not considered the argument Defendant included in this Motion.

Rights Act, a claim she did not raise in her Complaint in this court.   Judge Bernthal
concluded that Plaintiffs' earlier charges were the operative charges for their Title VII
claims.

On June 6, 2013, Defendant filed its Objections to Report and Recommendation (#44).
Defendant pointed out that Plaintiffs' discrimination charges with the EEOC did not mention
"constructive discharge" and did not state that their working conditions were intolerable.
Defendant also argued that Lalog's June 2012 discrimination charge filed with the IDHR
"did not mention that she had ended her employment, much less that she ended her
employment because of any alleged intolerable working conditions."   Defendant argued that,
because this charge was cross-filed with the EEOC, it is proper to consider the charge for
purposes of determining whether Lalog exhausted her administrative remedies.

A federal employment discrimination plaintiff generally is limited to pursuing the
claims she made before the EEOC.  *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), *citing
Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994); *see also Wallace v.
Heartland Cmty. Coll.*, 2012 WL 1066884, at *3 (C.D. Ill. 2012).   "The purpose of this
requirement is two-fold: to promote resolution of the dispute by settlement or conciliation
and to ensure that the sued employers receive adequate notice of the charges against them."
*Teal*, 559 F.3d at 691.   However, in addition to those claims which were included in a
discrimination charge with the EEOC, Title VII plaintiffs may also litigate claims which are
"like or reasonably related to the allegations of the [administrative] charge and growing out
of such allegations."   *Teal*, 559 F.3d at 691-92, *quoting Jenkins v. Blue Cross Mut. Hosp.*

7

*Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). In order for claims to be deemed related, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis in original); *see also Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011). This standard is a liberal one and "is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Teal*, 559 F.3d at 692.

Constructive discharge occurs when a plaintiff shows that she was forced to resign because her working conditions, from the standpoint of the reasonable employee, had become unbearable. *See Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010). The Seventh Circuit recognizes two forms of constructive discharge, both of which require a showing that the work environment had become intolerable. *Chapin*, 621 F.3d at 679. The first form is based on harassment and requires a plaintiff "to show working conditions even more egregious than that required for a hostile work environment claim." *Chapin*, 621 F.3d at 679. The second form occurs "[w]hen an employer acts in a manner so as to have communicated to a reasonable employee that she will be terminated." *Chapin*, 621 F.3d at 679, *quoting EEOC v. Univ. of Chicago Hosps.*, 276 F.3d 326, 332 (7th Cir. 2002). This form of constructive discharge requires a showing that a firing was "an imminent and inevitable event." *Chapin*, 621 F.3d at 680, *citing Univ. of Chicago Hosps.*, 267 F.3d at 332. A constructive discharge cannot be shown because "a prospect of discharge lurks in the background." *Chapin*, 267 F.3d at 679, *quoting Cigan v. Chippewa Falls Sch. Dist.*, 388

8

F.3d 331, 333 (7th Cir. 2004).

In this case, it is undisputed that Plaintiffs' initial charges with the EEOC did not include claims of constructive discharge. In fact, constructive discharge could not possibly have been included in the EEOC charges filed in December 2011 and January 2012 because Plaintiffs did not resign until March 2012. *See Jacober v. United States Dep't of Agriculture Agency*, 2012 WL 4088781, at *18 (S.D. Ill. 2012). This court concludes that Plaintiffs' constructive discharge claims cannot be considered reasonably related to the claims included in their EEOC charges which complained of Defendant's "English only" policy. This court agrees with the reasoning of Senior United States District Judge Joe Billy McDade in deciding a case which raised a similar issue. In *Wallace*, Judge McDade stated that "[t]hough it may be arguable that because Plaintiff alleges the same problems cited in the charge to have caused the later constructive discharge they are 'reasonably related,' it would not be reasonable to expect the agency to discover the May 2008 constructive discharge claim in the course of investigating the alleged discrimination." *Wallace*, 2012 WL 1066884, at *3. This court concludes, as well, that Plaintiffs' claims that they were subjected to discrimination by Defendant's "English only" policy could not reasonably be expected to lead to an investigation of Plaintiffs' constructive discharge claims. As noted previously, constructive discharge requires a showing of an egregious hostile work environment or imminent termination of employment. *See Chapin*, 621 F.3d at 679-80. This court therefore agrees with Defendant that a claim of discrimination or harassment does not involve the same conduct as a claim of constructive discharge and does not put an employer on notice that the

employee is making a claim of constructive discharge.[3]

In fact, numerous courts have concluded that plaintiffs could not proceed with constructive discharge claims under Title VII where the claim was not included in an EEOC charge.  *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 303 n.2 (7th Cir. 2004) ("Herron's EEOC charges in February and April 2000 described racial discrimination, retaliation, and harassment, not constructive discharge[,]" so he could not "proceed under Title VII on a constructive discharge claim."); *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1007 (N.D. Ill. 2012) (constructive discharge claim not "like or reasonably related to those contained in the [EEOC] charge"); *Jacober*, 2012 WL 4088781, at *17-18 (S.D. Ill. 2012) (the plaintiff could not proceed on constructive discharge claim which was not reasonably related to EEOC claims and occurred after the EEOC charges were filed); *Wallace*, 2012 WL 1066884, at *4 (allowing the plaintiff to proceed with a constructive discharge claim would "undermine the notice and conciliation purposes of the exhaustion requirement"); *Powell v. Safer Found.*, 2010 WL 4481780, at *3 (N.D. Ill. 2010) (EEOC charges were not broad enough to encompass a constructive discharge claim where the charges preceded the plaintiff's resignation); *Dixon v. Americall Group, Inc.*, 390 F. Supp. 2d 788, 791-92 (C.D. Ill. 2005) (finding that claims relating to constructive discharge were

---

[3]  This court notes that it agrees with Plaintiffs and Judge Bernthal that the fact that Plaintiffs did not check "continuing action" in their charges of discrimination has no real bearing on the issue before this court.  The factual information provided in a charge is "[m]ore significant" than "technical defect[s]."  *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1004 (N.D. Ill. 2012), *quoting Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 477 (7th Cir. 1999), *overruled on other grounds in Hill v. Tangherlini*, ___ F. 3d ___, 2013 WL 3942935 (7th Cir. 2013).  Therefore, this court does not rest its decision "on an omitted check mark."  *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527-28 (7th Cir. 2003); *Smith*, 909 F. Supp. 2d at 1004.

beyond the scope of the EEOC charge, noting that the Seventh Circuit held in *Herron* that "when a plaintiff's EEOC charge alleges discrimination, but does not state that his decision to stop working is based on that discrimination, the charge does not support a constructive discharge claim")*; Winters v. Prudential-Bache Sec., Inc.*, 608 F. Supp. 751, 754 (N.D. Ill. 1984) (constructive discharge allegations exceeded the scope of the plaintiff's filings with the EEOC); *see also Casella v. MBNA Marketing Sys. Inc.*, 2009 WL 1621411, at * (D. Me. 2009) ("the majority of the courts that have squarely addressed a similar dispute soundly support the defendants' argument that Casella did not exhaust her constructive discharge claim," relying on lengthy list of cases including *Herron* and *Dixon*).

This court does not agree with the Report and Recommendation that the Seventh Circuit's decision in *Herron* is distinguishable from this case. This court concludes that the fact that the plaintiff in *Herron* claimed that the constructive discharge occurred four months after the filing of the original EEOC charge and Plaintiffs here claim that their constructive discharge occurred around two months after the initial EEOC charges makes little practical difference. This court further concludes that the reliance in the Report and Recommendation on *Howard v. Burlington Air Express Inc.*, 1994 WL 722061 (N.D. Ill. 1994) is not persuasive. The district court in *Howard* concluded that the plaintiff's EEOC claim of retaliation "sufficiently encompasse[d]" his constructive discharge claim. *Howard*, 1994 WL 722061, at *3. However, the district court provided little reasoning in support of this conclusion and, more importantly, *Howard* was decided before the Seventh Circuit's decision in *Herron* and is contradicted by the decision in *Herron. See Wallace*, 2012 WL 1066884,

11

at *5 (noting that the "*Howard* court did not engage in an extensive analysis of the exhaustion issue").

This court's conclusion is bolstered in Lalog's case because Lalog did not include a constructive discharge claim in her charge of discrimination filed in June 2012, even though she now claims she was constructively discharged in March 2012.  This court concludes that there is no support for a finding that Lalog's second charge, which was cross-filed with the EEOC, is not relevant to the issue before this court.  In the charge, Lalog claimed that she was discriminated against on the basis of her national origin because Defendant "imposed a restriction on the use of my native language."  Lalog did not mention the March 2012 termination of her employment in the charge.  This court therefore concludes that Lalog "did not put the EEOC or [her] employer on notice concerning [her] purported constructive discharge because [s]he did not mention it in even the vaguest terms in [her] charge." *Dixon*, 390 F. Supp. 2d at 792; *cf. Flower v. City of Chicago*, 850 F. Supp. 2d 941, 946 (N.D. Ill. 2012) (the plaintiff provided sufficient notice of her constructive discharge claim where she filed her EEOC charge after she resigned and included the fact that she had resigned after being told that she had to work with the person she alleged had sexually harassed her).

For all of the reasons stated, this court agrees with Defendant that Plaintiffs' constructive discharge claims must be dismissed.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#43) is accepted by this court, in part, and not accepted, in part.

(2) Defendant's Motion to Dismiss Plaintiffs' Claims of Constructive Discharge in Counts I & II and Plaintiffs' Claims of Intentional Infliction of Emotional Distress in Counts III & IV (#13) is GRANTED.  Plaintiffs' claims of constructive discharge in Counts I and II of Plaintiffs' Complaint (#1) are dismissed because they were not included in Plaintiffs' charges filed with the EEOC.  Accordingly, Plaintiffs' requests for relief for lost earnings are also dismissed.  Counts III and IV of Plaintiffs' Complaint (#1) are dismissed as well.

(3) Defendant's Motion for Leave to File Brief Reply (#22) is GRANTED.

(4) Defendant's Motion for Leave to File Supplement to Motion to Dismiss (#25) is DENIED.

(5) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 23rd day of August, 2013.

s/MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE

13