UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JENNIFER R. BROWNING and RONELLA S. LALOG, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GCA SERVICE GROUP, | ) ) |
| Defendant. | ) ) |

Case No. 12-CV-2258

## ORDER

This case is before the court for ruling on various motions. After careful consideration of the arguments presented by the parties, this court rules as follows: (1) Defendant's Motion for Order that One Summary Judgment Motion can be filed with respect to each Plaintiff or, alternatively, Motion for Leave to File Brief in Excess of Local Rule 7.1(B)(4) page limitations (#74) is DENIED; (2) Defendant's Motion to Supplement (#81) is GRANTED; (3) Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion to Consolidate (#77) is DENIED in part and GRANTED in part; (4) Plaintiffs' Motion to Consolidate Cases (#76) remains pending; and (5) Defendant's Motion for Extension of Time to Complete Discovery (#80) remains pending.

BACKGROUND

On October 2, 2012, Plaintiffs, Jennifer R. Browning and Ronella S. Lalog filed their Complaint (#1) against Defendant, GCA Services Group, in this case. Plaintiffs alleged discrimination based on national origin, constructive discharge and intentional infliction of emotional distress. Previously, in Case No. 12-2245, Plaintiffs Jenmery C. Young and

Esperanza G. Calmes filed a Complaint against Defendant alleging discrimination based on national origin and intentional infliction of emotional distress. In addition, Young claimed retaliatory discharge and Calmes claimed constructive discharge. Plaintiffs Young and Calmes are represented by the same attorney as Plaintiffs Browning and Lalog.

On August 23, 2013, United States District Judge Michael P. McCuskey entered an Opinion (#55) in this case. Judge McCuskey granted Defendant's Motion to Dismiss as to Browning and Lalog's claims of intentional infliction of emotional distress and constructive discharge. The only claims remaining were the claims of discrimination based on national origin. In Case No. 12-2245, Judge McCuskey entered an Opinion and granted Defendant's Motion to Dismiss as to both Plaintiffs' claims of intentional infliction of emotional distress, Young's claim of retaliatory discharge and Calmes' claim of constructive discharge. The case therefore is proceeding solely on Plaintiffs' claims of discrimination based on national origin.

On December 11, 2013, this case was transferred to this court. On the same date, Case No. 12-2245 was also transferred to this court.

On December 12, 2013, Defendant filed a Motion for Order that One Summary Judgment Motion can be filed with respect to each Plaintiff or, alternatively, Motion for Leave to File Brief in Excess of Local Rule 7.1(B)(4) page limitations (#74). Also on December 12, 2013, Defendant filed an essentially identical Motion in Case No. 12-2245. In the Motion filed in this case, Defendant stated that there were factual differences regarding the claims made by Browning and Lalog. Defendant argued that "[c]onsideration of the

claims by each Plaintiff will require an independent analysis of a number of issues." Defendant argued that the interest of justice warrants the presentation of summary judgment arguments in two different motions so that the claims of Brownin and Lalog can be independently considered without the risk of confusion. Defendant stated that it preferred to file two separate motions for summary judgment but, if the court determined that it is prohibited by the Federal Rules of Civil Procedure or the local rules from filing a motion for summary judgment for each Plaintiff, it asked in the alternative that it be allowed to submit a brief in excess of the page limitations set forth in Local Rule 7.1(B)(4) so that all issues with respect to each Plaintiff can be thoroughly and independently set forth in one document.

On December 23, 2013, Plaintiffs Browning and Lalog filed a Motion to Consolidate Cases (#76). Plaintiffs stated that the only claims left in this case are Plaintiffs' claims of discrimination based on national origin. Plaintiffs also stated that the only claims left in Case No. 12-2245 are the claims of discrimination based on national origin filed by Plaintiffs Young and Calmes. Plaintiffs stated that all four Plaintiffs in these cases desired to be Plaintiffs in one lawsuit, however Plaintiffs Young and Calmes had to file their Complaint within the 90-day window after they received their right-to-sue letters from the EEOC, which was prior to the date that Plaintiffs Browning and Lalog received their right-to-sue letters. Plaintiffs stated that both cases share the same question of law and revolve around the same remaining issue, discrimination based on national origin. Plaintiffs argued that both cases basically have the same facts, same statements and actions on the part of Defendant and pertain to a prohibition of speaking in Plaintiffs' native language. Plaintiffs also argued that

both cases will basically have the same evidence and witnesses. Plaintiff argued that the two cases are prime subjects for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event such as the prohibition of speaking in the Plaintiffs' native language. Plaintiffs Young and Calmes also filed a Motion to Consolidate Cases in Case No. 12-2245.

On December 27, 2013, Defendant filed a Motion for Extension of Time to Respond to Plaintiffs' Motion to Consolidate (#77). Defendant first asked this court to stay its deadline for responding to Plaintiffs' Motion to Consolidate until this court rules on Defendant's Motions for Summary Judgment (which have not yet been filed). In the alternative, Defendant asked that its deadline for responding to Plaintiffs' Motion to Consolidate be extended to January 27, 2014, noting various commitments which will interfere with a timely response in this case. Defendant filed the same motion in Case No. 12-2245.

On December 30, 2013, Plaintiffs Browning and Lalog Calmes filed their Response to Defendant's Motion for Order (#78) regarding summary judgment motions. Plaintiffs objected to Defendant's request to file a separate summary judgment motion as to each Plaintiff, noting that the unlawful discrimination claims by both Plaintiffs stem from the same conduct and statements by Defendant. Plaintiffs stated that, while they agree there will be some differences between Plaintiffs based on the number and content of statements made to them, the differences between the Plaintiffs are minimal. Plaintiffs argued that Defendant

can, and should be required to, present its motion for summary judgment in a single motion. Plaintiffs further pointed out that they have filed a Motion to Consolidate this case with Case No. 12-2245. They argued that the two cases "are basically parallel in fact, format, and direction." Plaintiffs argued that a "significant amount of paper, time, and resources can be saved by consolidating these two cases, including consideration for summary judgment." Plaintiffs also argued that, if Defendant's Motion to file separate motions for summary judgment for each Plaintiff is denied, the page limitations set out by the local rules should still be applicable. Plaintiffs noted that Defendant did not provide any recommended or suggested length. Plaintiffs objected to the court issuing Defendant a "blank check" with regard to the length of the motion for summary judgment. Plaintiffs Young and Calmes filed an essentially identical Response in Case No. 12-2245.

On January 3, 2014, Defendant filed a Motion for Extension of Time to Complete Discovery or, in the alternative, to Strike Witness Information Disclosed on the Eve of the Close of Discovery (#80), with attached exhibits. Defendant stated that the discovery deadline in this case is January 6, 2014. Defendant stated that Plaintiffs served Supplemental Rule 26(a) Disclosures on December 20, 2013, and produced for the first time statements signed by Mesha Anderson and Sherry Clark, two former employees of Defendant who were no longer employed by Defendant when Plaintiffs filed their lawsuit. Defendant stated that Plaintiffs served a Second Supplemental Rule 26(a) Disclosure on December 24, 2013, and produced for the first time statements signed by Karyn Hicks, another former employee of Defendant who was no longer employed by Defendant when Plaintiffs filed their lawsuit.

5

Defendant stated that, due to the holidays, defense counsel did not receive and review the statements until January 2, 2014. Defendant pointed out that Mesha Anderson's statement was signed and dated September 23, 2013, and Sherry Clark's statement was signed and dated December 10, 2013. Defendant stated that Plaintiffs' supplemental disclosures were made on the eve of the close of discovery and just prior to two major holidays, thus making it impossible for Defendant to schedule depositions of the witnesses prior to the close of discovery. Defendant argued that it will be prejudiced if it does not have the opportunity to depose Anderson, Clark, and Hicks with respect to the information contained in their statements. Defendant asked this court to extend the discovery deadline for the limited purpose of deposing these witnesses. Defendant also asked, in the alternative, that Plaintiffs be barred from offering testimony from Anderson, Clark, and Hicks pursuant to Rule 37 of the Federal Rules of Civil Procedure because discovery related to these newly identified witnesses and subject matters cannot be completed prior to the close of discovery. Defendant filed essentially the same Motion for Extension of Time in Case No. 12-2245.

Also on January 3, 2014, Defendant filed a Motion to Supplement (#81) in this case and an identical Motion in Case No. 12-2245. Defendant asked to supplement its Motion for Extension of Time (#77) to state that Plaintiffs' counsel objects to Defendant's request to stay briefing on the Motion to Consolidate Cases but does not object to Defendant's request to extend the deadline for responding to the Motion to January 27, 2014. Defendant's Motion to Supplement (#81) is GRANTED and will be considered in this court's ruling on the Motion for Extension of Time.

ANALYSIS

MOTION REGARDING SUMMARY JUDGMENT MOTIONS

This court agrees with Plaintiffs that there is no reason for separate summary judgment motions for each Plaintiff in this case. The claims of both Plaintiffs are basically the same and the existence of a few factual differences does not warrant filing separate motions for summary judgment. This court notes that, in both this case and Case No. 12-2245, the motions and responses filed by the parties have essentially been identical. This court sees no need for separate motions for summary judgment which will include much of the same information and arguments. This court also agrees with Plaintiffs that Defendant's open-ended request to exceed the page limitations for its motion for summary judgment must be denied at this point. Defendant may renew this request when it can inform this court of the expected length of the motion for summary judgment and the specific reasons additional pages are needed.

For the reasons stated, Defendant's Motion (#74) is DENIED.

MOTION TO CONSOLIDATE CASES

This court concludes that Plaintiffs have set out compelling reasons why this case and Case No. 12-2245 should be consolidated. However, Defendant has not yet responded to the Motion to Consolidate Cases. Defendant has filed a Motion for Extension of Time to Respond (#77). This court concludes that Defendant's request that the deadline for responding to Plaintiffs' Motion to Consolidate Cases be stayed until the court rules on Defendant's motions for summary judgment (which have not yet been filed) must be denied.

This court believes that it may be most efficient and expeditious to consolidate the cases prior to ruling on any motions for summary judgment.  However, Defendant has set out adequate reasons why it needs additional time to respond to the Motion to Consolidate Cases, and Plaintiffs do not object to extending the deadline for responding to the Motion.  This court therefore grants Defendant's alternate request that the deadline for responding be extended to January 27, 2014.  This court notes that it is strongly inclined to grant the Motion to Consolidate Cases unless Defendant can persuade the court that it will be prejudiced by the consolidation.

## MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiffs have not yet responded to Defendant's Motion for Extension of Time to Complete Discovery (#80) and the response is not due until January 21, 2014.  This court notes that it is strongly inclined to grant Defendant's alternate request and bar Plaintiff from offering testimony from Anderson, Clark, and Hicks pursuant to Rule 37 of the Federal Rules of Civil Procedure due to the late disclosure of these witnesses unless Plaintiffs can convince this court that there were extremely good reasons for the late disclosure.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Order that One Summary Judgment Motion can be filed with respect to each Plaintiff or, alternatively, Motion for Leave to File Brief in Excess of Local Rule 7.1(B)(4) page limitations (#74) is DENIED.

(2) Defendant's Motion to Supplement (#81) is GRANTED.

(3)  Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion to

Consolidate (#77) is DENIED in part and GRANTED in part. Defendant's request that the deadline for responding to the Motion be stayed until after the court rules on Defendant's motions for summary judgment is DENIED. Defendant's request that the deadline be extended is GRANTED. Defendant's Response to the Motion to Consolidate Cases is due January 27, 2014.

(4) Plaintiffs' Motion to Consolidate Cases (#76) remains pending and will be ruled on after Defendant files its Response on or before January 27, 2014.

(5) Defendant's Motion for Extension of Time to Complete Discovery (#80) remains pending and will be ruled on after Plaintiffs file their Response on or before January 21, 2014.

ENTERED this 8th day of January, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE